UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81034-ROSENBERG/REINHART

KRISTINA COOKE,

    Plaintiff,

v.

PALM BEACH COUNTY
SHERIFF'S OFFICE, et al.,

    Defendants.
_____/

ORDER GRANTING IN PART
AND RESERVING IN PART ON DEFENDANTS' MOTIONS
TO DISMISS AND REMANDING CASE TO STATE COURT

**THIS CAUSE** is before the Court on two motions to dismiss, each brought by different Defendants. DE 3, 4. Both motions to dismiss have been fully briefed. The first motion to dismiss is brought by the Palm Beach County Sheriff's Office, and the Court grants that motion in part and reserves in part. The second motion to dismiss is brought by three individual sheriff deputies, and the Court grants that motion in part and reserves in part. The Court explains its reasoning in full, below.

Factual Background

This is a civil rights case involving the propriety of certain actions taken by law enforcement. The Plaintiff is a former spouse of a law enforcement officer—a deputy sheriff.[1] DE 1-1 at 1. The Plaintiff alleges that her former husband assaulted her. *Id.* The Plaintiff called 9-1-1 for help. *Id.* at 10. When two of the individual Defendants (Deputies Schwartz and Dalton) responded to the call, the Plaintiff alleges that both deputies improperly credited her

---

[1] At the time of the relevant incidents in this case, the Plaintiff alleges that her husband was no longer an active sheriff's deputy. DE 1-1 at 1-2.

husband's version of events, and discredited her own, because they elected to believe a work colleague (and friend) over the Plaintiff. *Id.* The Plaintiff alleges that the individual Defendants refused to look at her evidence of assault and forced her to leave her own residence. *Id.*

Later, the Plaintiff made another phone call to 9-1-1 for help and the third and final individual Defendant (Deputy Houck) is also alleged to have credited the Plaintiff's husband's version of events because of a pre-existing work relationship. *Id.* at 12. Subsequent to that encounter, the Plaintiff alleges that two of the individual Defendants told her she should not go to her home or care for her children. *Id.* at 14.

The thrust of the Plaintiff's Complaint is that she was treated unfairly by the individual Defendants because her husband knew the individual Defendants, and had a pre-existing friendly relationship with them, and she did not. The Defendants nonetheless seek dismissal based upon federal pleading standards. If the Plaintiff has pled enough facts in her Complaint, the motions should be denied. And if she has not pled enough facts, the motions should be granted. The Court analyzes the motions to dismiss and the Plaintiff's Complaint to determine whether the Plaintiff has pled enough facts.

The Palm Beach County Sheriff's Office

The first motion to dismiss, brought by the Palm Beach County Sheriff's Office, seeks dismissal of Count II[2] and contends that the Plaintiff has failed to plead sufficient facts in support of a claim against the Sheriff's Office. This contention is based upon the case of *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). Pursuant to *Monell*, a municipal sheriff's office can only he held liable under federal law for the actions of its employees when the sheriff's office had a custom or policy that constituted deliberate indifference to a constitutional right. *Id.* The Sheriff's Office contends that the Plaintiff has failed to plead that a

---

[2] Count II is brought pursuant to 42 U.S.C. § 1983.

2

policy or custom of the Sheriff's Office is the cause of her alleged constitutional violation. The Court agrees because a policy or custom of a local government is no small matter; to allege a custom a plaintiff must allege a "practice of [local] government that is so settled and permanent that it takes the force of law." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997).

Instead of alleging a custom that is so settled that it takes the force of law, the Complaint fails to allege any facts outside of the Plaintiff's own personal interaction with law enforcement. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1328 (11th Cir. 2015) ("A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." (quoting *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011)). Indeed, the Complaint may stand for the proposition that the individual Defendants did *not* act pursuant to a policy or custom, and that instead the individual Defendants refused to give the Plaintiff appropriate assistance in violation of "proper procedure." DE 1-1 at 12 ("Proper procedure was not followed by PBSO for this domestic violence situation because [individual Defendants] were close friends of [the Plaintiff's husband], and they used their police power and knowledge of the system to cover up the crimes of [the Plaintiff's husband]."). Succinctly stated, the Plaintiff has only alleged two instances of wrongdoing against her own person. That is not sufficient to allege a custom or policy at the Palm Beach County Sheriff's Office. As the Eleventh Circuit Court of Appeals once put it, "three violations do not a custom make." *Whittier v. City of Sunrise*, 395 F. App'x 648, 650 (2010). The Court dismisses the sole federal count against the Sheriff's Office, Count II.

The Individual Defendants

The second motion to dismiss, brought by the individual Defendants, seeks dismissal of Count I. Count I is brought pursuant to 42 U.S.C. § 1983 and alleges that the Plaintiff was denied the equal protection of laws under the Fourteenth Amendment to the Constitution. The Plaintiff contends in her Response that the reason she was denied equal protection was because she is a woman (DE 15 at 1), and the individual Defendants argue that the Plaintiff has pled no facts in support of a gender discrimination claim. The Court agrees with the individual Defendants because, as set forth above, the Plaintiff has not alleged that she was treated differently because she was a woman, but instead because the individual Defendants were friends with her husband. The Plaintiff's Count I is therefore dismissed because of insufficiently pled facts in support of the claim, but it is further dismissed as a matter of law.

The basis for Count I's dismissal as a matter of law is because, in her Response, the Plaintiff has failed to provide any authority for the proposition that an equal protection claim can be brought when the basis for the deprivation of rights is pre-existing friendships with law enforcement. The Plaintiff cites to *Hawkins v. Eslinger*, No. 07-CV-01261, 2007 WL 2757375 (M.D. Fla. Sept. 20, 2007), but even though that case is somewhat analogous to the instant case it impairs the Plaintiff's legal argument—it does not help the Plaintiff.

In *Hawkins*, a sheriff's deputy shot and killed his wife. *Id.* at *1. The estate filed suit, arguing that the sheriff's deputy should have been arrested when the wife had previously reported domestic violence to law enforcement. *Id.* Based upon that failure to arrest, the estate argued the wife's civil rights had been violated under 42 U.S.C. § 1983, much like the instant case. *Id.* In *Hawkins*, however, the district court dismissed all federal claims, finding that the plaintiff had failed to plead any cognizable federal cause of action. *Id.* at *8.

4

The Plaintiff also cites to *Watson v. City of Kansas City*, 857 F.2d 690 (10th Cir. 1988), but that case also does not help the Plaintiff.  First, *Watson* reiterates the hornbook law principle that there is no general constitutional right to police protection. *Id.* at 696.  Second, based upon that lack of a right to police protection, the *Watson* court held that a domestic violence equal protection claim was viable when "discrimination was a motivating factor." *Id.* at 694.  Third, unlike the instant case, the plaintiff in *Watson* **did** bring a gender-based discrimination claim for victims of domestic violence, and the plaintiff's case proceeded on that basis. *Id.* at 696 ("To the extent that [plaintiff's] lawsuit asserts class-based discrimination based on sex, we affirm.").

In short, for a plaintiff to plead an equal protection claim, the "discriminatory treatment [must] be based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001).  The Plaintiff has failed to plead a constitutionally protected interest, and she has instead pled that she was treated differently because the individual Defendants had a personal friendship with her husband. The Plaintiff's Count I against the individual Defendants is dismissed.[3]

The Court's dismissal is without leave to amend because further amendment would be futile, and because the Plaintiff has failed to provide any legal basis for the proposition that her friendship or pre-existing relationship-based claim is cognizable under federal law. *E.g., Coventry First LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (holding that a court may deny leave to amend when amendment would be futile).

The Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims, pursuant to 28 U.S.C. § 1367(c), and therefore reserves in part and declines to

---

[3] The Plaintiff briefly argues that she can use alleged violations of state law to state a claim under Section 1983, but only a violation of federal law—not state law—is sufficient. *E.g, Hawkins*, 2007 WL 2757375 at *6 (citing *Parlington v. Scott*, No 06-CV-310, 2007 WL 1871136, at *2 n.1 (M.D. Fla. June 28, 2007)).

consider whether the Plaintiff may be entitled to relief under state law.  Accordingly, the Court will remand this matter back to state Court.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the motion to dismiss at docket entry 3 is **GRANTED IN PART** and the motion to dismiss at docket entry 4 is **GRANTED IN PART** insofar as all federal claims (Counts I and II) in the Plaintiff's Complaint are **DISMISSED**.  The Court **RESERVES** as to whether the Plaintiff has stated a claim under state law[4] and declines to address the Defendants' request for the Plaintiff's state law claims to be dismissed.  The Clerk of the Court shall **REMAND** this matter to the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, and **CLOSE THIS CASE**.  All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of October, 2023.

Copies furnished to:  
Counsel of record

ROBIN L. ROSENBERG  
UNITED STATES DISTRICT JUDGE

---

[4] Although the Complaint is unclear whether the Plaintiff's sixth count was brought pursuant to federal or Florida law, the Plaintiff clarified in her Response that Count VI is based upon Florida law. DE 14 at 2.